IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLEDITH D. WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

Case No.   CIV-12-47-R

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff's application for DIB, alleging a disability beginning July 5, 2002, was denied on initial consideration and on reconsideration at the administrative level (TR. 10). An ALJ held a hearing *de novo* on July 27, 2010 (TR. 34-62). Plaintiff appeared with counsel, amended his onset date to August 14, 2008, and testified in support of the

application (TR. 38-58). A vocational expert (VE) also testified at the request of the ALJ (TR. 58-61). The ALJ issued her decision on May 17, 2011, finding that Plaintiff was not disabled (TR. 10-27). The Appeals Council denied Plaintiff's request for review on November 14, 2011, and the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings, in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment

for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since August 14, 2008, the amended onset date (TR. 13). At step two, the ALJ concluded that Plaintiff has the following severe impairments:

> Cervical degenerative disc disease; headaches; hypertension with evidence of a pulmonary embolus in December 2009; sleep apnea; atypical seizure-like activity; a major depressive disorder/mood disorder/bipolar disorder; anxiety, not otherwise specified; a personality disorder, not otherwise specified; and alcohol abuse

(TR. 13-14). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meet or equal the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and/or carry and push and/or pull twenty pounds occasionally, ten pounds frequently. He has no restrictions on sitting, standing, and walking. The claimant can crouch, climb ramps or stairs, stoop, and kneel occasionally. He cannot climb ladders, ropes or scaffolds. He cannot work in temperature extremes. The claimant cannot work with the public. He can perform simple work with routine supervision. He can interact with supervisor and peers on a superficial basis. More restrictive limitations

>asked in hypothetical questions at the hearing are not justified by the evidence

(TR. 23). The ALJ then determined that Plaintiff was not able to perform his past relevant work (PRW) as a painter and wallpaper hanger (TR. 25). At step five, the ALJ relied on the testimony of the VE in determining that Plaintiff could perform other jobs existing in significant numbers in the national economy including a final inspector, a collator, and a small products assembler (TR. 26). Thus, at step five of the sequential evaluation process the ALJ determined that Plaintiff was not disabled under the Act and therefore, not entitled to DIB (TR. 27).

## ISSUES PRESENTED

Plaintiff contends that the ALJ erred in failing to properly evaluate the opinions of John C. Andrus, M.D., his treating psychiatrist. He further contends that the ALJ's RFC is legally flawed and not supported by substantial evidence.

## ANALYSIS

### I. Evaluation of Treating Physician's Opinion

In addition to his physical impairments, Plaintiff has a well-documented record of extensive treatment for psychological impairments. The medical record is thoroughly discussed in Plaintiff's Opening Brief and the ALJ's unfavorable decision. Plaintiff has been attended by Dr. Andrus, his treating psychiatrist, since 2003 (TR. 495-497). The initial diagnosis was anxiety disorder (TR. 497), but Dr. Andrus's treatment notes demonstrate that Plaintiff's psychological impairments also include major depression for which he has been treated with numerous medications and with regular psychotherapy

sessions (TR. 390-398; 494-545; 569-582; 653-668). In addition to several hospitalizations for chest pain, pulmonary embolus, atypical seizure activity and hand tremors, (TR. 293-341, 342-346, 459-480), Plaintiff has been hospitalized three times for suicide attempts or suicidal ideation (TR. 400-403, 410-411, 414-416, 634-651).

On October 29, 2008, Dr. Andrus countersigned a form, initially completed by a licensed social worker who had also been attending Plaintiff regularly, stating that Plaintiff was unable to manage daily stress, had reduced concentration, and was unable to complete tasks. The form reflected Dr. Andrus's opinion that Plaintiff's disabling mental impairment is permanent (TR. 187). In a Progress Note dated March 18, 2009, Dr. Andrus stated, "He [Plaintiff], in my opinion, is completely disabled for any type of employment" (TR. 541).

Plaintiff contends that the ALJ erred as a matter of law by failing to properly evaluate these opinions of his treating psychiatrist, Dr. Andrus (See Plaintiff's Opening Brief at pages 11-16). When considering the opinion of a treating physician, the ALJ must first determine if the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and her reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required if the ALJ does not adequately support the weight she assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. *See also, Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, . . . to completely reject [it] on this basis"). The second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency

between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id*. at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific" to make clear to any subsequent reviewers the weight she gave to the treating source's opinion. *Id.* at 1123. In this case, the ALJ does not mention Dr. Andrus's March 2009 opinion. As for the October 2008 opinion, the ALJ apparently concluded that Dr. Andrus's opinion should not be given controlling weight. Without discussion, the ALJ proceeded directly to the second part of the inquiry and cryptically stated she was giving the opinion "reduced credence" (TR. 25):

> The claimant's psychiatrist reported that the claimant was unable to tolerate daily stresses, unable to complete a task, and had reduced concentration… The statement was written during the period of time that the claimant was in the hospital for suicidal ideation, shortly following the claimant's filing of the application for disability. In addition, the claimant's wife reported that they had decided to proceed with bankruptcy… The last note from Dr. Andrus indicated that the claimant felt significantly better without the pressure of his debts and that his divorce was working and had improved his relationship with his children… At the hearing, the claimant brought a notebook with him, suggesting that his abilities were greater than indicated. The statement attached to the Function Reports of the claimant and his wife appeared to have been completed initially by a licensed social worker and only countersigned by the psychiatrist. For all such reasons, the opinion is given reduced credence

(TR. 25) (citations to the record omitted).

The ALJ's cryptic reference to "reduced credence" leaves unanswered the question as to the weight actually afforded to Dr. Andrus's opinion. As Plaintiff notes, the opinion included specific functional limitations. Although the October 2008 opinion was rendered between two of Plaintiff's hospitalizations for depression and suicidal ideation, Plaintiff persuasively argues that the March 2009 opinion, which the ALJ did not mention, demonstrated that Plaintiff's condition had not improved (Plaintiff's Opening Brief at page 11-12). Moreover, even if the October 2008 opinion was attributable solely to the licensed social worker, which appears to be unlikely, the opinion was worthy of consideration. The Agency recognizes that the opinions of medical sources other than "acceptable medical sources" may contain important information and should be evaluated on key issues such as the severity of impairments.

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file

SSR 06-3P, 2006 WL 2329939.

Finally, the ALJ's conclusion that Plaintiff's abilities "were greater than indicated" based on his having brought a notebook with him to the administrative hearing is pure

speculation, as is her implicit assumption that the timing of Plaintiff's hospitalizations somehow reflect poorly on the validity of Dr. Andrus's opinion (TR. 25).

Accordingly, the ALJ's rejection of the treating physician's opinion is not adequately supported by the record. On remand, the Commissioner should consider all medical opinions and specify the weight afforded these opinions.

## II.   The RFC Assessment

Plaintiff also challenges the ALJ's RFC assessment. At step two of the sequential evaluation process, the ALJ found that one of Plaintiff's severe impairments is "atypical seizure-like activity" (TR. 13). The ALJ's step two finding of seizure activity is based on medical records from several different sources, all documented in Plaintiff's Brief (See Plaintiff's Opening Brief at pages 20-21). Plaintiff contends that the ALJ's RFC determination is faulty because it contains no limitations stemming from atypical seizure activity. Plaintiff states that it is logical to expect that seizure activity would "necessitate a provision for some degree of unexpected and/or unusual types of breaks from work activity when that impairment manifested itself", but Plaintiff does not identify any such necessary "provisions," and the medical records contain no specific restrictions imposed on Plaintiff by medical personnel based on seizure activity (See Plaintiff's Opening Brief at page 21). This assignment of error would not, alone, require remand. Nevertheless, the ALJ will have an opportunity to revisit this issue on remand, and he or she should.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED** for further administrative proceedings.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **January 7, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on December 19, 2012.

_Shon T. Erwin_
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE